UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DORA MAYO,

    Plaintiff,

v.                                            Civ. No. 19-491 GJF/KRS

CENTRAL NEW MEXICO
CORRECTIONAL FACILITY, et al.,

    Defendants.

## **AMENDED ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court *sua sponte* following Defendant State of New Mexico ex. Rel. Central New Mexico Correctional Facility's Notice of Removal [ECF 1] ("Notice") in the above captioned case.

In the Tenth Circuit, a court may examine its subject matter jurisdiction at any time in the proceedings. *Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*."). And "[b]ecause the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). Furthermore, "[s]ince a defendant may remove a case only if the claim could have been brought in federal court . . . the question for removal jurisdiction [based on federal question jurisdiction] must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *see also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U. S. 826, 831 (2002) (noting "the principle that federal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.'" (emphasis in original) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

In both the Notice and the accompanying civil cover sheet, Defendant relies on "Federal Question" as the basis for subject matter jurisdiction in this Court. In doing so, Defendant highlights Plaintiff's request for "Judgment [to] be entered in his behalf in an amount adequate to compensate him fully and completely for the violation of his rights and for Attorney fees." Notice Ex. A at 3. Defendant specifically contends that "[b]y seeking damages and attorney's fees based upon the purported violations of her civil rights, plaintiff has pleaded a federal question—a claim under 42 U.S.C. § 1983—within her complaint." Notice 2.

After carefully reviewing the Notice as well as Plaintiff's state court complaint, this Court has serious concerns regarding whether there is – at least at this time – federal question jurisdiction over Plaintiff's claims, as the Notice asserts. Indeed, this Court cannot discern at all whether the "civil rights" that Plaintiff has sued to vindicate arose from state law, federal law, or both. Plaintiff's complaint is altogether ambiguous on this point (and several others). Nonetheless, as the party invoking this Court's jurisdiction, the burden is on Defendant to prove that the complaint does indeed present a federal question. This Court is not satisfied that a civil rights plaintiff's mere pursuit of money damages and attorney's fees implicitly signals that the complaint is invoking 42 U.S.C. § 1983. Absent some case law to that effect, this Court is reluctant to make that inference or to conclude that such an inference, without more, is sufficient to satisfy Defendant's burden of proving federal question jurisdiction.

Therefore, **IT IS ORDERED** that not later than **June 12, 2019**, Defendant shall **SHOW CAUSE** in writing why the United States District Court should not remand this case back to the New Mexico Thirteenth Judicial District Court for lack of subject matter jurisdiction.

**SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE