**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DORA MAYO,

    Plaintiff,

    v.                                                 No. Civ. 19-491 JB/KRS

STATE OF NEW MEXICO, et al.,

    Defendants.

<u>ORDER TO SHOW CAUSE</u>

This matter is before the Court *sua sponte* upon review of the record. On March 25, 2020, the presiding judge in this case entered an order dismissing Plaintiff's claims against the State of New Mexico and Central New Mexico Correctional Facility ("State Defendants"). (Doc. 25). Then, on March 30, 2020, the presiding judge entered an Order to Show Cause regarding service of process on the remaining Defendant, Jesus Gonzales, and Plaintiff was ordered to show cause within twenty-one days why the Court should not dismiss this case for failure to serve Defendant Gonzales. (Doc. 26). That same day, counsel for the State Defendants filed a Suggestion of Death Upon the Record stating that, per the March 25, 2020 issue of the *New Mexico Bar Bulletin*, Plaintiff's counsel, Tara M. Wood, passed away on November 3, 2019. (Doc. 27). On May 26, 2020, this case was referred to the undersigned for findings of fact, legal analysis, and recommended dispositions. (Doc. 28).

Plaintiff has not filed a response to the Order to Show Cause and she has not provided the Court with her address or caused new counsel to appear in the case. The Court may impose sanctions for Plaintiff's failure to prosecute based on the Court's inherit power to regulate its docket and promote judicial efficiency. *See Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984).

One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 628-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005).   Additionally, Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action *sua sponte* for failure to prosecute, and the Court's Local Rule 41.1 provides that a civil action may be dismissed if no steps are taken to move a case forward for a period of ninety (90) days.

In light of the notification that Plaintiff's counsel passed away, the undersigned will defer issuing any proposed findings or recommended dispositions on the matter of the remaining Defendant until Plaintiff finds new counsel or declares her intention to proceed *pro se* in this matter.   If Plaintiff chooses to proceed *pro se*, she is hereby notified that she will be responsible for complying with all rules and orders of the Court and filing any objections to the undersigned's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1). Failure to respond to this Order may result in dismissal of Plaintiff's claims without prejudice and without further notice.

IT IS THEREFORE ORDERED that, by **March 1, 2021**, Plaintiff shall file a notice with the Court either entering appearance by new counsel or declaring her intention to proceed *pro se* in this matter.

IT IS FURTHER ORDERED that, if Plaintiff chooses to proceed *pro se*, she shall notify the Clerk in writing of her current mailing address and telephone number pursuant to Local Rule 83.6.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to send a copy of this order to Plaintiff's former counsel's electronic and postal addresses.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE